# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **KEITH PADGETT,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | |
| ) | |
| **THE BOARD OF TRUSTEES OF** ) | **JURY DEMAND** |
| **THE UNIVERSITY OF** ) | |
| **ALABAMA AT BIRMINGHAM,** ) | |
| ) | |
| **DEFENDANT.** ) | |

## COMPLAINT

### I. NATURE OF THIS ACTION

1. Plaintiff brings this action to redress failure to pay him overtime wages in violation of the Fair Labor Standards Act. Specifically, the Plaintiff, Keith Padgett, brings this action for injunctive relief, backpay, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq*.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the FLSA.

3. Venue is proper in the Northern District of Alabama, Southern Division

pursuant to 28 U.S.C. § 1391(b) and (c).

### III. PARTIES

4. Plaintiff, Keith Padgett, is a male citizen of the United States over the age of majority and a resident of the State of Alabama.

5. Defendant, University of Alabama at Birmingham (hereinafter referred to as "UAB" or "Defendant") is an entity subject to suit under the FLSA.

### IV. FACTS

6. Plaintiff began working for Defendant in 2008. His most recent job title was Program Coordinator for a federally funded osteoarthritis study. At all times relevant to this action, Plaintiff was paid an hourly wage and was treated by Defendant as an hourly (not as a salaried or exempt) employee.

7. Plaintiff's Bachelor's degree is in criminal justice. Plaintiff does not have any professional certifications or degrees pertaining to the work he did as Program Coordinator.

8. As Program Coordinator, Plaintiff supervised no employees during the period of time relevant to this action.

9. Plaintiff did not exercise discretion or independent judgment; rather, his job duties were of a rote and routine nature.

10. All decisions of consequence relevant to the study Plaintiff worked on were

made by the Principal Investigator, Dr. Cora Lewis, and by Nita Webb, the Project Director, who supervised Plaintiff.

11. Plaintiff's job duties involved calling study participants and scheduling appointments; interviewing study participants; filling out forms pertaining to study participants; resolving data queries or supplying data requested by researchers; and performing basic physical exams of study participants.

12. Although Plaintiff routinely worked more than forty hours per week, including evenings and weekends, Plaintiff was instructed by Dr. Lewis, the Principal Investigator, not to put down overtime on his timesheets. Plaintiff was told by Dr. Lewis "don't put down overtime" because money for overtime was not in the budget.

13. Dr. Lewis was aware that Plaintiff was working more than forty hours per week while being paid for only forty hours of work. In a conversation regarding working hours, Dr. Lewis told Plaintiff, "You got to do what you got to do" to get the job done.

14. Finally, in May 2016, Plaintiff was instructed not to work more than forty hours per week. Plaintiff obeyed those instructions.

15. Plaintiff was not paid for hours worked in excess of forty hours per week prior to May, 2016. Plaintiff did not receive the statutorily required overtime

premium rate of pay for such hours.

16. Defendant's violations of the FLSA were willful because Defendant was aware of the FLSA's overtime pay requirements but chose not to abide by them.

## V. CAUSES OF ACTION

### COUNT I – NON PAYMENT OF OVERTIME IN VIOLATION OF THE FLSA

17. Plaintiff re-avers and incorporate paragraphs 1-16 above as if fully set forth herein.

18. Throughout Plaintiff's employment, Defendant willfully violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiff to work, which resulted in the denial of compensation, either at a regular rate or an overtime premium rate for all time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

19. Throughout Plaintiff's employment, Defendant has willfully violated the FLSA by permitting or requiring Plaintiff to perform work in excess of forty (40) hours a week without paying any overtime compensation for this time.

20. Defendant's violations of the FLSA were willful because Defendant was aware of the FLSA's overtime pay requirements but chose not to abide by them.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the FLSA.

2. Awarding damages for Plaintiff, including compensation for unrecorded work time plus interest, post-judgment interest and liquidated damages, in an amount to be proven at trial;

3. Awarding all costs of litigation, including expert fees and attorneys' fees and costs.

4. Awarding such other legal and equitable relief as the Court deems proper.

**Plaintiff Demands a Trial by Struck Jury.**

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB, LLC
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS**:
**THE BOARD OF TRUSTEES OF THE
UNIVERSITY OF ALABAMA AT
BIRMINGHAM**

c/o Office of Counsel
500 22nd Street South
Suite 408
Birmingham, AL 35233